In the Matter of the Application of UNITED STATES MORTGAGE AND TRUST COMPANY, as Trustee under the Last Will and Testament of ALBERT J. MORGAN, Deceased, for a Judicial Construction of the Provisions of Said Last Will and Testament.

Surrogate's Court, Westchester County, November 19, 1924.

Wills — construction — will, after setting up $50,000 trust fund and designating trust company as trustee, directed another trust company, as " executor and trustee," to continue to hold stock of certain corporation — said stock turned over to trustee of $50,000 trust fund — express direction in will as to retention of said stock deemed not to refer to trustee of $50,000 fund — clause in will as to liability for defaulting agents of executor and trustee applies only to executor and trustee of residuary estate.

An express provision in testator's will directing that a trust company, acting as " executor and trustee," should continue to hold stock of a certain corporation, does not refer to another trust company, designated as trustee of a $50,000 fund, where it appears that by the use of the words " executor and trustee " the testator intended to refer to the trust company acting as executor of the will and trustee of the residuary estate, and, therefore, there being insufficient assets to establish the $50,000 trust fund without the use of said stock, it may be paid over to the trustee of said fund.

A clause in the will reciting that the executor and trustee should not be liable for the default of any agent selected or appointed with reasonable care applies only to the trust company named as executor and trustee of the trust of the residuary estate.

PROCEEDING for construction of will.

*Patterson, Eagle, Greenough & Day,* for the trustee.

*Carter, Ledyard & Milburn,* for the general and ancillary guardian.

*Franklin Brooks,* special guardian.

SLATER, S. I do not think there would be much need of a construction of the will if the estate left by the decedent had been

as large in amount as it was when the will was executed. Decedent died in March, 1921. The will is dated February 14, 1917. Decedent left a widow and two children. By the 3d paragraph of the will he gives to the United States Mortgage and Trust Company of the city of New York $50,000 " to invest the same and keep the same invested and such investments to change from time to time in its discretion * * *," and to apply the net income to the use of the wife during her life until she shall remarry. Upon the death or remarriage of the wife, to divide the trust in two equal shares for the use of the two children with provision for payment of income and principal upon reaching certain ages. The event of the remarriage by the widow has happened.

By the 4th paragraph of the will " all the rest, residue and remainder of the estate is given to the Metropolitan Trust Company of the city of New York, in trust, to divide in two equal shares for the two children, and to invest each of said portions in such securities as to it shall seem proper, and the same to change from time to time in its discretion * * *," and to pay over the income and the principal upon their arriving at certain ages.

The 6th paragraph appoints the said Metropolitan Trust Company as executor of the will. Thus, the executor and the trustee of the residuary estate is the same trust company. The next three clauses in the 6th paragraph relate to certain powers of the executor. The 5th clause in said 6th paragraph empowers the executor to retain and continue " in its discretion for any time without limitation any and all investments whatsoever made by me, and I authorize and empower it at any time or times, to change the whole or any part of such investments and of any investments made by it * * *."

The 7th clause in the 6th paragraph creates the reason for the construction of this will. It is as follows: " I expressly direct that my Executor and Trustee shall continue to hold all shares of stock now held by me in the corporation Enoch Morgan Sons Company, so long as my mother or my sister or both or either of them shall continue to be a holder of stock in said corporation * * *."

After the payment of debts and charges the estate consisted of about $35,000, all in the stock of the Enoch Morgan Sons Company, which has been turned over by the executor to the United States Mortgage and Trust Company as trustee of the trust created under the 3d paragraph of the will. There is no residuary estate.

The trustee of this particular trust asks for the construction of that part of the 6th paragraph which expressly directs the executor and trustee to hold the stock of the Enoch Morgan Sons

Company.   Does the express direction apply to the trustee of the $50,000 trust fund?

If there had been ample property the executor would have paid over to the United States Mortgage and Trust Company the sum of $50,000 in money or in approved securities for the purpose of setting up the trust, and this question would not have arisen.

It is my opinion that all the clauses of paragraph 6 refer and have reference only to the executor as such and as trustee; that when the draftsman of the will used the words "executor and trustee" it was the intention of the testator to refer to the same corporation, being the Metropolitan Trust Company, as executor of the will and trustee of the residuary estate.   The express direction as to holding the Enoch Morgan Sons Company stock does not refer to the trustee of the $50,000 fund.   The last clause in the 6th paragraph stating that the executor and trustee should not be liable for the default of any agent selected or appointed with reasonable care refers only to the Metropolitan Trust Company, the executor and the trustee of the trust of the residuary estate.